Scott W. Breedlove (*pro hac vice*)
sbreedlove@carterarnett.com
Omer Salik (CA SBN 223056)
osalik@carterarnett.com
Eric Chen (CA SBN 296570)
echen@carterarnett.com
Alexis Ritzer (*pro hac vice*)
aritzer@carterarnett.com
CARTER ARNETT PLLC
8150 N. Central Expy, Suite 500
Dallas, Texas 75206
214-550-8188 (Telephone)
214-550-8185 (Facsimile)

*Attorneys for Defendants Longhorn IP LLC and Hamilcar Barca IP LLC*

Richard S.J. Hung (SBN 197425)
rhung@mofo.com
Rachel S. Dolphin (SBN 305477)
rdolphin@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

Bita Rahebi (SBN 209351)
brahebi@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, California 90017
Telephone: (213) 892-5200
Facsimile: (213) 892-5454

[Additional counsel on signature page]

*Attorneys for Plaintiff Taiwan Semiconductor Manufacturing Company Limited*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TAIWAN SEMICONDUCTOR MANUFACTURING COMPANY LIMITED,<br><br>Plaintiff,<br><br>vs.<br><br>LONGHORN IP LLC and HAMILCAR BARCA IP LLC,<br><br>Defendants. | Case No. 5:23-cv-04265-PCP<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: January 23, 2024<br>Time: 1:00 p.m.<br>Courtroom: Courtroom 8, 4th Floor<br>Judge: Hon. P. Casey Pitts<br><br>**[REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED]** |

1     Pursuant to the Standing Order for All Judges of the Northern District of California, Civil Local Rule 16-9, the Court's September 12, 2023 Case Management Conference Order (Dkt. 28), the Court's November 7, 2024 Scheduling Order (Dkt. 43), and the Court's December 15, 2023 Notice Resetting Case Management Conference (Dkt. 53), Plaintiff Taiwan Semiconductor Manufacturing Company Limited ("Plaintiff" or "TSMC") and Defendants Longhorn IP LLC ("Longhorn") and Hamilcar Barca IP LLC ("Hamilcar") (collectively, "Defendants") respectfully submit the following statement in anticipation of the January 23, 2024 Case Management Conference.

## 1. JURISDICTION & SERVICE

    This Court has subject matter jurisdiction over this civil action at least under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338(a) (any Act of Congress relating to patents), and 28 U.S.C. § 1332 (diversity jurisdiction with the amount in controversy exceeding $75,000). This Court also has personal jurisdiction over the parties (at least for the purposes of this action), and venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b). No party remains unserved.

## 2. FACTS

### a. TSMC's Statement

    This case involves a contract dispute. In March, 2020, TSMC and LIP entered into an agreement. Dkt. 2-5 (the "Agreement"). [REDACTED]

[REDACTED] Since entering into the Agreement, [REDACTED]

Dkts. 2-7, 2-8. In late 2021, LIP, through Hamilcar, acquired the MediaTek Patents. Dkt. 1-5, 1-6. The Agreement specifies that, [REDACTED]

-2-

1  ████████████████████████████████████████████████████████████████████████
2  ████████████████████████████████████████████████████████████████████████
3  ████████████████████████████████████████████████████████████████████████
4  ██████████████████ constitutes a breach of ████████████████████████. Alternatively,
5  to the extent the Court holds ████████████████████████, TSMC does not infringe ██████
6  ████████████████████████: U.S. Patent Nos. 7,671,469 (the "'469 patent"), 9,379,079 (the "'079
7  patent"), and 9,392,696 (the "'696 patent") (collectively, the "Patents-in-Suit").

   b. **Defendants' Statement**

8  
9        This case involves contract disputes created by TSMC in an effort to avoid substantial liability
10 for patent infringement. TSMC had an opportunity in 2021 ████████████████
11 ████████████████████████████████████████████████████████████████████████
12 ████████████████████████████████████████████████████████████████████████
13 ████████████████████████████████████████████████████████████████████████
14 ████████████████████████████████████████████████████████████████████████
15 ████████████████████████████████████████████████████████████████████████
16 ████████████████████████████████████████████████████████████████████████
17 ████████████████████████████████████████████████████████████████████████
18 ████████████████████████████████████████████████████████████████████████
19 ████████████████████████████████████
20 ████████████████████████████████████████████████████████████████████████
21 ████████████████████████████████████████████████████████████████. Three months
22 later, TSMC filed this lawsuit claiming that Hamilcar's ████████ breached the Agreement's
23 ████████████████████████████████████████████████████████████████████████
24 ██████████████ So, TSMC claims that ████████████████████████████████████
25 ████████, but this is incorrect. ██████████████████████████████████████████
26 ████████████████████████████████████████████████████████████████████████
27 ████████████████████████████████████████████████████████████████████████
28 ████████████████████████████████████████████████████████████████████████

1 ██████████████████████████████████████████████████████████████████

2 ██████████████████████████████████████████████████████████████████

3 ██████████████████████████████████████████████████████████████████

4 ██████████████████████████████████████████████████████████████████

5 ███████████████████████████████████████

6      Moreover, TSMC has now ████████████████████████████████████████, and it is liable for infringing at least the three patents-in-suit.

## 3. LEGAL ISSUES

### a. TSMC's Statement

The legal issues in dispute are those in TSMC's complaint (including supplements thereto). At a high level, the issues to be decided are:

a) Whether TSMC is ████████████████████████████████████████████;

b) Whether the ██████████████████████████████████████;

c) Whether Defendants breached ████████████; and

d) Alternatively, whether TSMC currently infringes and/or previously infringed any valid and enforceable claim of any of the Patents-in-Suit.

TSMC reserves the right to revise or supplement this list.

### b. Defendants' Statement

Defendants generally agree at this time with the issues described above by TSMC, in addition to the issue of the relief to which Hamilcar is entitled stemming from TSMC's infringement of the patents-in-suit, and reserve the right to revise or supplement this response if needed.

## 4. MOTIONS

Defendants' Motion to Dismiss Counts 1-4 & 6-7 (Dkt. 36-1), filed October 30, 2023, remains pending. There are also pending motions to seal pleadings (*i.e.*, Dkts. 2, 3, 36, 44). The parties anticipate that they may file dispositive, *Daubert*, and other pre-trial/trial/post-trial motions at the appropriate time.

## 5. AMENDMENT OF PLEADINGS

### a. TSMC's Statement

TSMC does not currently anticipate amending its complaint to add or dismiss any parties, claims, or defenses, but proposes a deadline for amending pleadings in the schedule in Section 16.

### b. Defendants' Statement

Within the time prescribed by the Federal Rules of Civil Procedure following a ruling on their Motion to Dismiss Counts 1-4 & 6-7 (Dkt. 36), Defendants plan to file an answer and may assert counterclaims.

## 6. EVIDENCE PRESERVATION

### a. TSMC's Statement

TSMC and its attorneys have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"). The parties have met and conferred pursuant to FED. R. CIV. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

TSMC proposes that the parties negotiate an ESI stipulation and Protective Order based on this District's model ESI stipulation and model Protective Order. TSMC proposes that the parties jointly submit such orders, along with any disputes, by March 7, 2024.

### b. Defendants' Statement

Defendants have reviewed the ESI Guidelines, and the parties have met and conferred under Rule 26(f) regarding reasonable and proportionate steps taken to preserve potential evidence.

Defendants are agreeable to the entering of an ESI Stipulation and Protective Order deriving from the District's Model ESI documents. Defendants are also agreeable to a joint submission of such stipulation and proposed order on (including any disputed provisions) or before March 7, 2024.

## 7. DISCLOSURES

The parties propose serving initial disclosures, with the material covered by FED. R. CIV. P. 26(a)(1), on February 27, 2024. This is reflected in the schedules in Section 16.

**8. <u>DISCOVERY</u>**

No discovery has occurred to date, and the parties are currently unaware of any discovery disputes. Moreover, the parties are in agreement as to the below discovery-related stipulations:

a. **Electronic Service**: The parties will make every effort to serve documents electronically, by e-mail, or through ECF. The parties will make every effort to serve sealed filings within two hours of filing. A party may serve documents by e-mail on another party by sending the documents to the email group address designated by a party, or if no such group is designated, to email addresses for all counsel of record for the party. Moreover, service via FTP site with emailed link and (if applicable) password information or other appropriate electronic means shall be deemed to comport with the requirements of electronic service.

b. **Non-Waiver of Privilege:** Inadvertent production of materials covered by the attorney-client privilege, work-product protection, common interest privilege, or a similar exemption from discoverability is not a waiver in the pending case or any other federal or state proceeding. For example, the mere production of privilege or work-product protected documents in this case as part of a mass production is not itself a waiver in this case or any other federal or state proceeding. A producing party may assert privilege or work product protection over any produced documents after becoming aware of the production by promptly (after learning of the inadvertent production) notifying the receiving party of the assertion of privilege or protection in writing. For any document produced for which notice is given that it intends to assert privilege or work-product protection at the producing party's request, the producing party must supply a privilege log supporting the claim of privilege with respect to the documents at issue, thereby enabling the receiving party to dispute the assertion of privilege. Within three (3) business days, the receiving party shall promptly return or destroy the produced materials and destroy any copies and/or work product created from such material, and shall so confirm such return or destruction at the producing party's request.

c. **Privilege Logs:** No party has a duty to log any privileged documents or information dated on or after the filing of the complaint (August 21, 2023). No party has a duty to log any privileged

communication, from any time period, where the communication was amongst only the party and its lawyers.

    d. **Limitations on Expert Discovery**.

        1. Subject to provision (d)(3) below, drafts of reports prepared by an expert who will give testimony in this case, or their assistants (collectively with the expert, "Testifying Expert"), as part of the Testifying Expert's investigation and/or in developing the Testifying Expert's opinions and reports, shall not be subject to discovery. This limitation applies regardless of whether such draft reports have been disclosed, or otherwise transmitted to, or contain any notes, writing, or markings created by in-house counsel or outside counsel, or employees of or consultants for the party or parties who engaged such Testifying Expert.

        2. Subject to provision (d)(3) below, notes, preparatory materials, and other documents prepared by or for a Testifying Expert, or their assistants, as part of the Testifying Expert's investigation, in preparing the Testifying Expert's report, and/or in preparing for the Testifying Expert's deposition shall not be subject to discovery.

        3. Discovery of materials provided to a Testifying Expert is limited to those materials, facts, consulting expert opinions, and other matters actually relied upon by the Testifying Expert in formulating their final report, trial or deposition testimony or any opinion in this action. Details regarding compensation and fee agreements remain discoverable.

        4. No discovery may be taken from or about any consulting expert that will not provide testimony and/or an expert opinion in the case ("Consulting Expert") except to the extent that the Consulting Expert has provided information, opinions or other materials that a Testifying Expert relied on in formulating their final report, trial or deposition testimony or any opinion in this action. In such a case where a Consulting Expert has provided materials or information that a Testifying Expert has relied on in formulating their final report, trial or deposition testimony, discovery may be taken of the Consulting Expert regarding those materials and information. The limitations herein do not preclude a party from discovery of prior opinions or testimony of an expert in matters other than this action,

to the extent the prior opinions or testimony are related to and/or may be inconsistent with the opinions given in this action.

5. Written or oral communications between any Testifying Expert or Consulting Expert, their assistants, and/or in-house counsel or outside counsel, or employees of or consultants for the party or parties who engaged such Testifying Expert or Consulting Expert, are not subject to discovery unless the conversations or communications are relied upon by a Testifying Expert in formulating their final report, trial or deposition testimony, or any opinion in this action.

6. For the avoidance of doubt, (a) emails, lists, agendas, outlines, memoranda, presentations, letters, whether in draft or any other form, that are provided to, or by or on behalf of, any expert and (b) any other types of preliminary work product created by or on behalf of any expert, are not subject to discovery unless relied upon by a Testifying Expert in formulating their final report, trial or deposition testimony, or any opinion in this action.

7. Communications and materials exempt from discovery under this provision shall be treated as attorney work product. Such material need not be listed on any privilege log.

e. **Proportionality:** Federal Rule of Civil Procedure 26(b)(1) as amended effective December 1, 2015, regarding proportionality of discovery will apply to this case, namely, that the scope of discovery will be proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

f. **Good Cause for Modification:** Any party may later move to modify these limitations for good cause.

However, the parties have disagreements as to certain discovery limits, which are outlined in the parties' separate statements below.

a. **TSMC's Statement**

TSMC anticipates taking discovery on the claims set forth in its complaint (including supplements thereto) and any defenses or counterclaims raised by Defendants. TSMC anticipates this

discovery will include document requests, interrogatories, requests for admission, depositions, and possibly third-party subpoenas. As outlined below, TSMC proposes that the parties generally follow the Federal Rules of Civil Procedure's discovery limits, but TSMC proposes several modifications:

- No modification of Federal Rules of Civil Procedure for requests for production;
- No modification of Federal Rules of Civil Procedure for interrogatories, but the limits apply on a per-side basis (*i.e.*, TSMC is a side and Defendants collectively are a side);
- Forty (40) requests for admission per side, but no limit on requests for admission regarding the authenticity of documents (and such requests should be clearly marked);
- Five (5) depositions of up to seven (7) hours per side for Rule 30(b)(6), party, and third-party depositions;
- Expert depositions are limited to seven (7) hours per report.

The above discovery limits reflect the needs of this case, including the possibility that expert reports and depositions may be necessary during an early contract-only phase of the case. The above discovery limits further reflect the need to, as contemplated by the Federal Rules of Civil Procedure, count depositions by the number of witnesses and not the number of hours. Such an approach to deposition counting is necessary to prevent situations where parties take numerous short (e.g., one or two hour) depositions while the defending party must still spend numerous hours and/or days preparing those witnesses for depositions (thereby taking witnesses away from their other responsibilities).

After the Court issues any orders on any early contract-only summary judgments, TSMC proposes that the parties meet and confer to discuss whether to increase the above limits based on the remaining dispute(s).

**b. Defendants' Statement**

As this case comprises of two "types" of claims—(1) contract-related claims (Counts 1–7) ("Contract Claims") and patent-infringement claims (Counts 8–10) ("Infringement Claims")—the parties have met and conferred and agreed in principle on the bifurcation or phasing of this case, including early fact discovery and dispositive motion stages, to address and attempt to resolve by summary judgment the Contract Claims first—given that TSMC's three Infringement Claims are said

to be alleged in the alternative. In consideration of and subject to the proposed bifurcation of the case, Defendants propose the following to govern discovery in Phase 1 (i.e., pertaining to the Contract Claims only):

- No modification of Federal Rules of Civil Procedure for requests for production;
- Ten interrogatories per side;
- Twenty requests for admission per side;
- 21 hours of deposition per side irrespective of the number of witnesses and of whether the witness is a Rule 30(b)(1) or Rule 30(b)(6) witness;
- No expert discovery for Phase 1.

After resolution of any motions for summary judgment pertaining to Phase 1, Defendants agree with TSMC's proposal to meet and confer to discuss whether increases to discovery are warranted based on the remaining issues, if any.

Substantively, Defendants anticipate conducting discovery (subject to the phasing described above) on the claims alleged in the complaint (including amendments or supplements thereto) and any defenses or counterclaims to be asserted by Defendants. Defendants anticipate this discovery to include document requests, interrogatories, requests for admission, depositions, and possibly third-party subpoenas, as well as expert reports and depositions.

**9. CLASS ACTIONS**

This case is not a class action.

**10. RELATED CASES**

There are no related cases or proceedings pending before another judge of this court, or before another court or administrative body.

**11. RELIEF**

    **a. TSMC's Statement**

TSMC seeks the following relief:

- A declaration that TSMC is entitled to ███████████████████████████████████████████████████████

- A declaration that Plaintiff ███████████████████████████████████████
████████████████████████;
- Entry of judgment that Defendants have breached ███████████ the Agreement;
- A declaration and order that Defendants █████████████████████████████
███████████████████████████████████████████████████████;
- A declaration that the term of Agreement's ██████████████████████████
████████████████████████████████;
- A declaration and order that Defendants █████████████████████████████
████;
- Damages for Defendants' breach of ███████████ the Agreement;
- To the extent the Court holds ████████████████████████ and that ███████
████████████████████████████, a declaration that Plaintiff has not infringed any claims of the Patents-in-Suit;
- That Judgment be entered in favor of Plaintiff and against Defendants on each of Plaintiff's claims;
- A finding that this is an exceptional case under 35 U.S.C. § 285;
- An award of reasonable legal fees, costs, and expenses, and interest on such fees, costs, and expenses; and
- Such other and further relief as the Court may deem just and proper.

b. **Defendants' Statement**

At this time, Defendants seek denial of all relief alleged in the complaint (and amendments if any thereto) and such other and further relief as the Court may deem just and proper. Defendants anticipate seeking additional relief following the Court's ruling on the pending motion to dismiss and Defendants' filing of an answer and possible counterclaims.

## 12. SETTLEMENT AND ADR

The parties met and conferred in accordance with ADR Local Rule 3-5 and have filed their ADR Certifications. Dkts. 56-58. The parties propose to engage in early discussions amongst

themselves (via videoconference or in person) before later engaging in a mediation, if necessary. The parties include proposed deadlines for a formal mediation in Section 16.

**13. OTHER REFERENCES**

At this time, the parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14. NARROWING OF ISSUES**

   a.  **TSMC's Statement**

TSMC anticipates the parties may narrow issues as the case proceeds, including by: (a) seeking to stipulate as to facts not in dispute; and (b) agreement and/or motion after discovery has progressed.

Moreover, TSMC agrees with Defendants that this case should proceed in stages. The initial stage should include contract-only discovery before the parties file summary judgment motions related to any contract issues, which the parties respectfully request will not count as the only summary judgment motion the Court allows. *See* Standing Order for Civil Cases, Judge P. Casey Pitts, Section IX.D ("Parties are limited to filing one motion for summary judgment. Any party wishing to exceed this limit must request leave of Court."). After the Court rules on such summary judgment motions, if there is any remaining dispute, the parties will report to the Court and propose a schedule for resolving the dispute(s) through a next Case Management Conference and additional Case Management Conference Statement. This staging is reflected in Section 16's schedule.

   b.  **Defendants' Statement**

While there may be facts that could be stipulated to as the case progresses to help narrow the issues, Defendants agree that such agreements will likely occur after some discovery has occurred.

As discussed above, *see supra* § 8(b), Defendants believe that resolution of issues could be expedited by a bifurcation of the pretrial stage (including fact discovery and dispositive motions) into phases—with Phase 1 (addressing the Contract Claims) and Phase 2 (addressing the Infringement Claims and any remaining other claims).

## 15. EXPEDITED TRIAL PROCEDURE

At this time, the parties do not believe this case is appropriate for the Expedited Trial Procedure of General Order 64.

## 16. SCHEDULING

### a. TSMC's Statement

TSMC proposes the following schedule for the early contract-only discovery period and contract-only summary judgment motion(s). TSMC's proposed schedule incorporates deadlines related to expert reports and expert discovery, which the parties may decide are necessary after seeing how fact discovery progresses. TSMC's proposed schedule also provides the parties with slightly more time for contract-only fact discovery than Defendants' proposed schedule, which is reasonable given the other deadlines, the possibility of third-party discovery, and to allow the parties to understand any ramifications from any order on Defendants' pending motion to dismiss.

TSMC further proposes that the Court hold a Case Management Conference 60 days after resolution of the parties' contract-only summary judgment motion(s). In advance of that conference, the parties can advise the Court of the remaining disputes and a proposed schedule for resolving those disputes.

| Event | Deadline |
|---|---|
| Initial Case Management Conference | Tuesday, January 23, 2024 |
| Exchange of Rule 26(a)(1) Disclosures | Tuesday, February 27, 2024 |
| Parties File Proposed ESI and Protective Orders | Thursday, March 7, 2024 |
| Deadline to Amend Pleadings or Add Parties | Thursday, April 11, 2024 |
| Close of Early, Contract-Only Fact Discovery | Thursday, July 25, 2024 |
| Deadline to File Contract-Only Fact Discovery Motion | Thursday, August 1, 2024 |
| Opening Contract-Only Expert Reports | Thursday, August 22, 2024 |
| Rebuttal Contract-Only Expert Reports | Thursday, September 12, 2024 |
| Close of Contract-Only Expert Discovery | Thursday, October 3, 2024 |
| Deadline to File Contract-Only Expert Discovery Motion | Tuesday, October 15, 2024 |
| Opening Brief re Contract-Only MSJ | Thursday, October 24, 2024 |
| Opening/Opposition Brief re Contract-Only MSJ | Thursday, November 14, 2024 |
| Opposition/Reply Brief re Contract-Only MSJ | Tuesday, November 26, 2024 |
| Reply Brief re Contract-Only MSJ | Thursday December 5, 2024 |
| Last Date for Hearing on Contract-Only MSJ | Thursday, January 22, 2025 |
| Last Date to Conduct ADR | 30 days after resolution of Contract-Only MSJ(s) |
| Further Case Management Conference | 60 days after resolution of Contract-Only MSJ(s) |

In the event that neither party serves expert reports, TSMC proposes the following alternative schedule.

| Event | Deadline |
|---|---|
| Initial Case Management Conference | Tuesday, January 23, 2024 |
| Exchange of Rule 26(a)(1) Disclosures | Tuesday, February 27, 2024 |
| Parties File Proposed ESI and Protective Orders | Thursday, March 7, 2024 |
| Deadline to Amend Pleadings or Add Parties | Thursday, April 11, 2024 |
| Close of Early, Contract-Only Fact Discovery | Thursday, July 25, 2024 |
| Deadline to File Contract-Only Fact Discovery Motion | Thursday, August 1, 2024 |
| Opening Brief re Contract-Only MSJ | Thursday, September 5, 2024 |
| Opening/Opposition Brief re Contract-Only MSJ | Thursday, September 26, 2024 |
| Opposition/Reply Brief re Contract-Only MSJ | Tuesday, October 8, 2024 |
| Reply Brief re Contract-Only MSJ | Thursday, October 17, 2024 |
| Last Date for Hearing on Contract-Only MSJ | Thursday, November 14, 2024 |
| Last Date to Conduct ADR | 30 days after resolution of Contract-Only MSJ(s) |
| Further Case Management Conference | 60 days after resolution of Contract-Only MSJ(s) |

b. **Defendants' Statement**

Defendants propose the following schedule for the early contract-only Phase 1 fact discovery period and related summary judgment motion(s). Defendants believe no expert discovery should be included for this expedited Phase 1 because (1) the issues primarily relate to contract interpretation and performance, not technical matters such as patent infringement; and (2) further discovery would be available in phase 2 if all contractual issues could not be resolved as a matter of law. Defendants further agree to the proposal that the Court hold a Case Management Conference within 60 days after resolution of the parties' contract-only summary judgment motion(s). In advance of that conference, the parties can advise the Court of the remaining disputes and a proposed schedule for resolving those disputes.

| Event | Deadline |
|---|---|
| Initial Case Management Conference | Tuesday, January 23, 2024 |
| Exchange of Rule 26(a)(1) Disclosures | Tuesday, February 27, 2024 |
| Parties File Proposed ESI and Protective Orders | Thursday, March 7, 2024 |
| Deadline to Amend Pleadings or Add Parties | Thursday, April 11, 2024 |
| Close of Early, Contract-Only Fact Discovery | Thursday, May 30, 2024 |
| Deadline to File Contract-Only Fact Discovery Motion | Thursday, June 6, 2024 |
| Opening Brief re Contract-Only MSJ(s) | Thursday, June 20, 2024 |
| Opposition Brief re Contract-Only MSJ(s) | Thursday, July 11, 2024 |
| Reply Brief re Contract-Only MSJ(s) | Tuesday, July 23, 2024 |

| Last Date for Hearing on Contract-Only MSJ | Thursday, August 29, 2024 |
|---|---|
| Last Date to Conduct ADR | 30 days after resolution of Contract-Only MSJ(s) |
| Further Case Management Conference | 60 days after resolution of Contract-Only MSJ(s) |

## 17. TRIAL

The parties request trial by jury for all issues so triable. The length of the trial will depend on the resolution of the parties' pretrial motions and the ability to narrow the issues, but the parties presently believe that a seven-day trial would be sufficient if all issues are tried together.

## 18. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

### a. TSMC's Statement

TSMC filed its Certificated of Interested Entities or Persons. Dkt. 6. The text of that filing is below:

> Pursuant to Civil L.R. 3-15, the undersigned certifies that, to Taiwan Semiconductor Manufacturing Company Limited's knowledge, no persons, associations of persons, firms, partnerships, corporations (including, but not limited to, parent corporations), or any other entities, other than the parties themselves, known by the party to have either: (i) a financial interest of any kind in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

### b. Defendants' Statement

Defendants filed their L.R. 3-15 Certificate re: Disclosure of Conflicts and Interested Entities or Persons. *See* Dkt. 59. The text of the certification is as follows:

> Pursuant to Civil L.R. 3–15, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including, but not limited to, parent corporations), or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a nonfinancial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:
>
> - Tanit Ventures, Inc. – Tanit Ventures, Inc. is the sole member of Defendant Longhorn IP LLC and is the sole member of Defendant Hamilcar Barca IP LLC.

## 19. PROFESSIONAL CONDUCT

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**20. OTHER**

None at this time.

**21. PATENT LOCAL RULE 2-1(B)**

Pursuant to Patent Local Rule 2-1(b), the parties have also met and conferred regarding the additional required matters.

Given that the parties have agreed to a staging of the case that includes an initial stage involving only contract issues, the parties propose that the parties provide any modifications to the default Patent Local Rule deadlines when they submit a further case management conference statement after resolution of early contract-only summary judgment motion(s).

| | | |
|---|---|---|
| 1 | Dated: January 9, 2024 | MORRISON & FOERSTER LLP |
| 2 | | By: /s/ Richard S.J. Hung |
| 3 | Richard S.J. Hung (SBN 197425)<br>rhung@mofo.com | E. Robert Yoches (*pro hac vice* forthcoming)<br>bob.yoches@finnegan.com |
| 4 | Rachel S. Dolphin (SBN 305477)<br>rdolphin@mofo.com | FINNEGAN, HENDERSON, FARABOW,<br>GARRETT & DUNNER LLP |
| 5 | MORRISON & FOERSTER LLP<br>425 Market Street | 901 New York Avenue, NW<br>Washington, DC 20001 |
| 6 | San Francisco, California 94105<br>Telephone: (415) 268-7000 | Telephone: (202) 408-4000<br>Facsimile: (202) 408-4400 |
| 7 | Facsimile: (415) 268-7522 | David Sochia (*pro hac vice*) |
| 8 | Bita Rahebi (SBN 209351)<br>brahebi@mofo.com | dsochia@McKoolSmith.com<br>Alexandra F. Easley (*pro hac vice*) |
| 9 | MORRISON & FOERSTER LLP<br>707 Wilshire Boulevard | aeasley@McKoolSmith.com<br>MCKOOL SMITH, P.C. |
| 10 | Los Angeles, California 90017<br>Telephone: (213) 892-5200 | 300 Crescent Court, Suite 1500<br>Dallas, Texas 75201 |
| 11 | Facsimile: (213) 892-5454 | Telephone: (214) 978-4000<br>Facsimile: (214) 978-4044 |
| 12 | Gary C. Ma (SBN 221294)<br>gary.ma@finnegan.com | James E. Quigley (*pro hac vice*) |
| 13 | FINNEGAN, HENDERSON, FARABOW,<br>GARRETT & DUNNER LLP | jquigley@McKoolSmith.com<br>MCKOOL SMITH, P.C. |
| 14 | Stanford Research Park<br>3300 Hillview Avenue | 303 Colorado Street, Suite 2100<br>Austin, Texas 78701 |
| 15 | Palo Alto, CA 94304-1203<br>Telephone: (650) 849-6600 | Telephone: (512) 692-8700<br>Facsimile: (512) 692-8744 |
| 16 | Facsimile: (650) 849-6666 | |
| 17 | | *Attorneys for Plaintiff Taiwan Semiconductor Manufacturing Company Limited* |

| | |
|---|---|
| Dated: January 9, 2024 | CARTER ARNETT PLLC |
| | By: */s/ Scott W. Breedlove* |
| | Scott W. Breedlove (*pro hac vice*) |
| | sbreedlove@carterarnett.com |
| | Omer Salik (CA SBN 223056) |
| | osalik@carterarnett.com |
| | Eric Chen (CA SBN 296570) |
| | echen@carterarnett.com |
| | Alexis Ritzer (*pro hac vice*) |
| | aritzer@carterarnett.com |
| | CARTER ARNETT PLLC |
| | 8150 N. Central Expy, Suite 500 |
| | Dallas, Texas 75206 |
| | 214-550-8188 (Telephone) |
| | 214-550-8185 (Facsimile) |
| | |
| | *Attorneys for Defendants Longhorn IP LLC and Hamilcar Barca IP LLC* |

**ECF ATTESTATION**

Under Civil L.R. 5-1(i)(3), the filer of this document hereby attests that the concurrence to the filing of this document has been obtained from the other signatories hereto.

/s/ *Richard S.J. Hung*
Richard S.J. Hung