Scott W. Breedlove (*pro hac vice*)
sbreedlove@carterarnett.com
Omer Salik (CA SBN 223056)
osalik@carterarnett.com
Alexis Ritzer (*pro hac vice*)
aritzer@carterarnett.com
CARTER ARNETT PLLC
8150 N. Central Expy, Suite 500
Dallas, Texas 75206
214-550-8188 (Telephone)
214-550-8185 (Facsimile)

*Attorneys for Defendants Longhorn IP LLC and Hamilcar Barca IP LLC*

Richard S.J. Hung (SBN 197425)
rhung@mofo.com
Rachel S. Dolphin (SBN 305477)
rdolphin@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

Bita Rahebi (SBN 209351)
brahebi@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, California 90017
Telephone: (213) 892-5200
Facsimile: (213) 892-5454

[Additional counsel on signature page]

*Attorneys for Plaintiff Taiwan Semiconductor Manufacturing Company Limited*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| TAIWAN SEMICONDUCTOR MANUFACTURING COMPANY LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>LONGHORN IP LLC and HAMILCAR BARCA IP LLC,<br><br>Defendant. | Case No. 5:23-cv-04265-PCP<br><br>**STIPULATED PROTECTIVE ORDER** |

1     **1.     PURPOSES AND LIMITATIONS**

2           Disclosure and discovery activity in this action are likely to involve production of

3     confidential, proprietary, or private information for which special protection from public

4     disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

5     Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated

6     Protective Order. The parties acknowledge that this Order does not confer blanket protections on

7     all disclosures or responses to discovery and that the protection it affords from public disclosure

8     and use extends only to the limited information or items that are entitled to confidential treatment

9     under the applicable legal principles. The parties further acknowledge, as set forth in Section

10    14.4, below, that this Stipulated Protective Order does not entitle them to file confidential

11    information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and

12    the standards that will be applied when a party seeks permission from the court to file material

13    under seal.[1]

14    **2.     DEFINITIONS**

15          2.1     <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of

16    information or items under this Order.

17          2.2     <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is

18    generated, stored or maintained) or tangible things that qualify for protection under Federal Rule

19    of Civil Procedure 26(c). All Information or Items relating to the following shall be marked

20    "CONFIDENTIAL" and not "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY":

21    Information or Items related to the Parties' and their affiliates' prior negotiations amongst each

22    other, including related to the settlement and/or resolution of prior disputes and related to

23    interactions pursuant to the Parties' March 13, 2020 Intellectual Property Collaboration and

24    Services Agreement ("IPCSA"); provided, however, that the following may be marked "HIGHLY

25

26    ---
      [1] The parties agree that "HIGHLY CONFIDENTIAL – SOURCE CODE" will not be produced
      during the initial contract-only phase of this case. The parties therefore agree that they will
27    negotiate amendments to this stipulated protective order, including related to "HIGHLY
      CONFIDENTIAL – SOURCE CODE" and a possible prosecution bar, if the patent portion of this
28    case proceeds.

CONFIDENTIAL – ATTORNEYS' EYES ONLY": Information or Items related to Defendants' interactions with third parties related to or pursuant to the Parties' IPCSA. Information or Items related to the Parties' and their affiliates' prior negotiations amongst each other, including related to the settlement and/or resolution of prior disputes and related to the IPCSA, and marked "CONFIDENTIAL" pursuant to this section is extremely sensitive, disclosure of which to a Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.3    <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.4    <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

2.5    <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6    <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.7    <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8    <u>House Counsel</u>: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10     Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.11     Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12     Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13     Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14     Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.15     Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.     SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party

prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.      DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.      DESIGNATING PROTECTED MATERIAL**

5.1      <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other

proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other

tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1     Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered,

to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

## 7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or

produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) House Counsel who either have responsibility for making decisions dealing directly with the litigation of this action, or who are assisting Outside Counsel of Record in the litigation of this action, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and provided such "Acknowledgment and Agreement to Be Bound" to the other Party;

(c) up to and including three (3) designated representatives of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and provided such "Acknowledgment and Agreement to Be Bound" to the other Party;

(d) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a), below, have been followed;

(e) the court and its personnel;

(f) court reporters and their staff as well as Professional Vendors;

(g) professional jury or trial consultants to whom disclosure is reasonably necessary for

1  this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

2  A);

3          (h) the author or recipient of a document containing the information or a custodian or

4  other person who otherwise possessed or knew the information.

5          7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

6  Information or Items. Unless otherwise ordered by the court or permitted in writing by the

7  Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY

8  CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to individuals listed in paragraphs 7.2(a)

9  and (d)-(g).

10         7.4 Procedures for Approving or Objecting to Disclosure of "CONFIDENTIAL" or

11 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Experts.

12         (a) Unless otherwise ordered by the court or agreed to in writing by the Designating Party,

13 a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that

14 has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to

15 paragraph 7.3(b) first must make a written request to the Designating Party that (1) identifies the

16 general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information

17 that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of

18 the Expert and the city and state of his or her primary residence, (3) attaches a copy of the

19 Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person

20 or entity from whom the Expert has received compensation or funding for work in his or her areas

21 of expertise or to whom the expert has provided professional services, including in connection

22 with a litigation, at any time during the preceding five years,[2] and (6) identifies (by name and

23 number of the case, filing date, and location of court) any litigation in connection with which the

24 Expert has offered expert testimony, including through a declaration, report, or testimony at a

25 deposition or trial, during the preceding five years, (7) a list of other cases in which the individual

---

[2] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

has testified (at trial or deposition) within the last seven years, and (8) identifies any previous or current relationship (personal or professional) with any of the other Parties (and/or their predecessors or successors in interest).

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within 7 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

## 8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

1    (a) promptly notify in writing the Designating Party. Such notification shall include a

2    copy of the subpoena or court order;

3    (b) promptly notify in writing the party who caused the subpoena or order to issue in the

4    other litigation that some or all of the material covered by the subpoena or order is subject to this

5    Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

6    (c) cooperate with respect to all reasonable procedures sought to be pursued by the

7    Designating Party whose Protected Material may be affected.[3]

8    If the Designating Party timely seeks a protective order, the Party served with the

9    subpoena or court order shall not produce any information designated in this action as

10   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a

11   determination by the court from which the subpoena or order issued, unless the Party has obtained

12   the Designating Party's permission. The Designating Party shall bear the burden and expense of

13   seeking protection in that court of its confidential material – and nothing in these provisions

14   should be construed as authorizing or encouraging a Receiving Party in this action to disobey a

15   lawful directive from another court.

16   **9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN**

17   **THIS LITIGATION**

18   (a)    The terms of this Order are applicable to information produced by a Non-Party in

19   this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

20   ATTORNEYS' EYES ONLY". Such information produced by Non-Parties in connection with

21   this litigation is protected by the remedies and relief provided by this Order. Nothing in these

22   provisions should be construed as prohibiting a Non-Party from seeking additional protections.

23   (b)    In the event that a Party is required, by a valid discovery request, to produce a

24   Non-Party's confidential information in its possession, and the Party is subject to an agreement

25   with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

26

---

27   [3] The purpose of imposing these duties is to alert the interested parties to the existence of this
Protective Order and to afford the Designating Party in this case an opportunity to try to protect
28   its confidentiality interests in the court from which the subpoena or order issued.

1.      promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.      promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.      make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[4] Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

If information is produced in discovery that is subject to a claim of privilege or of

---

[4] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return or destroy the specified information and any copies it has and may not sequester, use or disclose the information until the claim is resolved. This includes a restriction against presenting the information to the court for a determination of the claim. This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

Inadvertent production of materials covered by the attorney-client privilege, work-product protection, common interest privilege, or a similar exemption from discoverability is not a waiver in the pending case or any other federal or state proceeding. For example, the mere production of privilege or work-product protected documents in this case as part of a mass production is not itself a waiver in this case or any other federal or state proceeding. A Producing Party may assert privilege or work product protection over any produced documents after becoming aware of the production by promptly (after learning of the inadvertent production) notifying the Receiving Party of the assertion of privilege or protection in writing. For any document produced for which notice is given that it intends to assert privilege or work-product protection at the Producing Party's request, the Producing Party must supply a privilege log supporting the claim of privilege with respect to the documents at issue, thereby enabling the Receiving Party to dispute the assertion of privilege. Within three (3) business days, the Receiving Party shall promptly return or destroy the produced materials and destroy any copies and/or work product created from such material, and shall so confirm such return or destruction at the Producing Party's request.

**12.    MISCELLANEOUS**

12.1    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no

1    Party waives any right to object on any ground to use in evidence of any of the material covered

2    by this Protective Order.

3           12.3    Export Control. Disclosure of Protected Material shall be subject to all applicable

4    laws and regulations relating to the export of technical data contained in such Protected Material,

5    including the release of such technical data to foreign persons or nationals in the United States or

6    elsewhere. The Producing Party shall be responsible for identifying any such controlled technical

7    data, and the Receiving Party shall take measures necessary to ensure compliance.

8           12.4    Filing Protected Material. Without written permission from the Designating Party

9    or a court order secured after appropriate notice to all interested persons, a Party may not file in

10   the public record in this action any Protected Material. A Party that seeks to file under seal any

11   Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed

12   under seal pursuant to a court order authorizing the sealing of the specific Protected Material at

13   issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request

14   establishing that the Protected Material at issue is privileged, protectable as a trade secret, or

15   otherwise entitled to protection under the law. If a Receiving Party's request to file Protected

16   Material under seal pursuant to Civil Local Rule 79-5 is denied by the court, then the Receiving

17   Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5

18   unless otherwise instructed by the court.

19   **13.    FINAL DISPOSITION**

20          Within 60 days after the final disposition of this action, as defined in paragraph 4, each

21   Receiving Party must return all Protected Material to the Producing Party or destroy such

22   material. As used in this subdivision, "all Protected Material" includes all copies, abstracts,

23   compilations, summaries, and any other format reproducing or capturing any of the Protected

24   Material. Whether the Protected Material is returned or destroyed, the Receiving Party must

25   submit a written certification to the Producing Party (and, if not the same person or entity, to the

26   Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all

27   the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has

28

1    not retained any copies, abstracts, compilations, summaries or any other format reproducing or

2    capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to

3    retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts,

4    legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work

5    product, and consultant and expert work product, even if such materials contain Protected

6    Material. Any such archival copies that contain or constitute Protected Material remain subject to

7    this Protective Order as set forth in Section 4 (DURATION).

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1       IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2

3   Dated: March 14, 2024

                         By: */s/ Richard S.J. Hung*

4

| | |
|---|---|
| Richard S.J. Hung (SBN 197425) | David Sochia (*pro hac vice*) |
| rhung@mofo.com | dsochia@McKoolSmith.com |
| Rachel S. Dolphin (SBN 305477) | Alexandra F. Easley (*pro hac vice*) |
| rdolphin@mofo.com | aeasley@McKoolSmith.com |
| MORRISON & FOERSTER LLP | MCKOOL SMITH, P.C. |
| 425 Market Street | 300 Crescent Court, Suite 1500 |
| San Francisco, California 94105 | Dallas, Texas 75201 |
| Telephone: (415) 268-7000 | Telephone: (214) 978-4000 |
| Facsimile:  (415) 268-7522 | Facsimile: (214) 978-4044 |
| | |
| Bita Rahebi (SBN 209351) | James E. Quigley (*pro hac vice*) |
| brahebi@mofo.com | jquigley@McKoolSmith.com |
| MORRISON & FOERSTER LLP | MCKOOL SMITH, P.C. |
| 707 Wilshire Boulevard | 303 Colorado Street, Suite 2100 |
| Los Angeles, California  90017 | Austin, Texas 78701 |
| Telephone: (213) 892-5200 | Telephone: (512) 692-8700 |
| Facsimile:  (213) 892-5454 | Facsimile: (512) 692-8744 |

Gary C. Ma (SBN 221294)
gary.ma@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER LLP
Stanford Research Park
3300 Hillview Avenue
Palo Alto, CA 94304-1203
Telephone: (650) 849-6600
Facsimile: (650) 849-6666

*Attorneys for Plaintiff Taiwan Semiconductor*
*Manufacturing Company Limited*

1   Dated: March 14, 2024

2                                                    By: */s/ Scott W. Breedlove*

3                                                    Scott W. Breedlove (*pro hac vice*)
                                                     sbreedlove@carterarnett.com
4                                                    Omer Salik (CA SBN 223056)
                                                     osalik@carterarnett.com
5                                                    Alexis Ritzer (*pro hac vice*)
                                                     aritzer@carterarnett.com
6                                                    CARTER ARNETT PLLC
                                                     8150 N. Central Expy, Suite 500
7                                                    Dallas, Texas 75206
                                                     214-550-8188 (Telephone)
8                                                    214-550-8185 (Facsimile)

9
                                                     *Attorneys for Defendants Longhorn IP LLC and*
10                                                   *Hamilcar Barca IP LLC*

11

12           **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

13

14   Dated:                    _____

15                                    UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ECF ATTESTATION**

Under Civil L.R. 5-1(i)(3), the filer of this document hereby attests that the concurrence to the filing of this document has been obtained from the other signatories hereto.

/s/ Richard S.J. Hung
Richard S.J. Hung

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have read

in its entirety and understand the Stipulated Protective Order that was issued by the United States

District Court for the Northern District of California on _____ [date] in the case of *Taiwan*

*Semiconductor Manufacturing Company Limited v. Longhorn IP LLC et al.*, No. 5:23-cv-04265-

PCP (N.D. Cal.). I agree to comply with and to be bound by all the terms of this Stipulated

Protective Order and I understand and acknowledge that failure to so comply could expose me to

sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in

any manner any information or item that is subject to this Stipulated Protective Order to any

person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for

the Northern District of California for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone

number] as my California agent for service of process in connection with this action or any

proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
              [printed name]

Signature: _____
           [signature]