UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAIWAN SEMICONDUCTOR MANUFACTURING COMPANY LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>LONGHORN IP LLC, et al.,<br><br>Defendants. | Case No. 23-cv-04265-PCP<br><br>**ORDER DENYING CONSOLIDATED MOTION TO SEAL WITHOUT PREJUDICE**<br><br>Re: Dkt. No. 70 |

Plaintiff Taiwan Semiconductor Manufacturing Company Limited ("TSMC") and defendants Longhorn IP LLC and Hamilcar Barca IP, LLC have moved to seal substantial portions of the complaint and the exhibits thereto, the motion to dismiss briefing, and the parties' January 9, 2024 joint case management statement. Dkt. No. 70. The parties have stated their non-opposition to sealing the others' confidential and proprietary license-related material. For the following reasons, the Court denies the consolidated motion without prejudice.

The public has a longstanding and well-recognized "right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). Public access bolsters "understanding of the judicial process" and "confidence in the administration of justice," and it provides a "measure of accountability" for courts. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016). There is thus a "strong presumption in favor of access" to court records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

To overcome this strong presumption, a party who wishes to seal a court record must generally "articulate compelling reasons supported by specific factual findings ... that outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at

1178–79 (cleaned up). Sealing may be justified when "court files ... become a vehicle for improper purposes, such as ... to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179. But without more, the "fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation" does not merit sealing. *Id.* "Under this stringent standard," the Court must "conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Auto Safety*, 809 F.3d at 1096–99. Civil Local Rule 79-5(c)(1) and (f)(3) requires the party seeking to seal to provide "a specific statement" of the reasons for doing so, explaining the interests that warrant sealing and the injury that will otherwise result.

TSMC moves to seal substantial portions of its complaint, which alleges that defendants failed to abide by the terms of an agreement regarding certain intellectual property. The material that TSMC moves to seal includes that agreement and nearly all of the details of the parties' interactions. Indeed, TSMC has even moved to have a portion of the complaint's *caption* filed under seal. By placing under seal all of the key facts and documents relevant to its complaint, TSMC's request would entirely deny the public any meaningful ability to understand these proceedings. *But see Auto Safety*, 809 F.3d at 1096. The parties also move to seal substantial portions of the motion to dismiss briefing and joint case management statement that refer to portions of the complaint containing information deemed confidential or proprietary.

The parties have not provided a sufficient basis for such an impairment of the public's right to access court records. TSMC's supporting declarations assert generally that disclosure of the material it seeks to seal would be competitively harmful, but that generic assertion is insufficient to justify the broad sealing TSMC seeks. Indeed, TSMC requests to seal incredibly mundane details of its agreement with defendants such as its choice-of-law and forum selection provision. *See* Dkt. 70-2 ¶ 3.

The support for sealing the material defendants have identified in the complaint or attached thereto is even more scant given that defendants have not provided any declaration in support of that request, let alone from a witness with specific knowledge of the reasons that purportedly justify sealing that material. The defendants' declarations in support of their requests to seal

2

1  portions of the motion to dismiss briefing and joint case management statement, like TSMC's

2  declarations, assert generally that disclosure of the material would harm their competitive

3  standing. The parties' requests are not narrowly tailored to any such purported harms.

4        Both the substantial overbreadth of the parties' sealing requests and the paucity of support

5  provided for those requests provide a sufficient basis for the Court to deny the consolidated

6  motion to seal. Indeed, as noted in the Court's Standing Order for Civil Cases, a party that files a

7  significantly overbroad motion to seal "bears the risk that the Court will simply deny the request

8  in its entirety and place all documents sought to be sealed in the public docket."[1] The Court will

9  nonetheless permit the parties to file a renewed motion that is narrowly tailored to seal *only* those

10  portions of the documents at issue for which compelling reasons justify sealing. The motion must

11  be accompanied by new declarations setting forth *with specificity* why *each* specific sealing

12  request is narrowly tailored to the compelling justifications for sealing the material at issue. Any

13  renewed consolidated motion to seal and any supporting declarations shall be filed by Monday,

14  May 6, 2024.

15        **IT IS SO ORDERED.**

16  Dated: April 22, 2024

P. Casey Pitts
United States District Judge

---

[1] The Court's Standing Order for Civil Cases is available at https://cand.uscourts.gov/wp-content/uploads/2023/03/2023.11.13-PCP-Civil-Standing-Order.FINAL_.CLEAN_.pdf.