UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAIWAN SEMICONDUCTOR MANUFACTURING COMPANY LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>LONGHORN IP LLC, et al.,<br><br>Defendants. | Case No. 23-cv-04265-PCP<br><br>**ORDER GRANTING IN PART AND DENYING IN PART JOINT RENEWED ADMINISTRATIVE MOTION TO SEAL**<br><br>Re: Dkt. No. 85 |

Plaintiff Taiwan Semiconductor Manufacturing Company Limited ("TSMC") and defendants Longhorn IP LLC and Hamilcar Barca IP, LLC have again moved to seal substantial portions of the complaint and the exhibits thereto, the motion to dismiss briefing, and the parties' January 9, 2024 joint case management statement. Dkt. No. 85. This is the parties' second consolidated motion to seal, submitted after the Court found the parties' prior requests to be substantially overbroad and insufficiently supported. Dkt. No. 83. The parties' renewed motion is granted in part and denied in part.

The public has a longstanding and well-recognized "right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). Public access bolsters "understanding of the judicial process" and "confidence in the administration of justice," and it provides a "measure of accountability" for courts. *Ctr. for Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1096 (9th Cir. 2016). There is thus a "strong presumption in favor of access" to court records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

To overcome this strong presumption, a party who wishes to seal a court record must generally "articulate compelling reasons supported by specific factual findings ... that outweigh

the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178–79 (cleaned up). Sealing may be justified when "court files ... become a vehicle for improper purposes, such as ... to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179. But without more, the "fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation" does not merit sealing. *Id.* "Under this stringent standard," the Court must "conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Auto Safety*, 809 F.3d at 1096–99. Civil Local Rule 79-5(c)(1) and (f)(3) requires the party seeking to seal to provide "a specific statement" of the reasons for doing so, explaining the interests that warrant sealing and the injury that will otherwise result.

The Court finds that that Katana and Carthage bank account numbers, routing numbers, and swift codes appearing in Exhibits I and J to the complaint reflect "sensitive financial-account data" that is appropriate for redaction consistent with Federal Rule 5.2(a). The Court also finds that specific monetary values discussed, agreed to, or paid during negotiations between the parties, as well as with third parties are not germane to the dispute before the Court. The parties' motion is therefore granted with respect to the specific monetary values at the following locations:

| Document | Location |
| --- | --- |
| **Complaint, Dkt. No. 85-4** | 10:27 |
| | 14:27-28 |
| | 15:6 |
| | 15:8 |
| | 16:2 |
| | 16:5 |
| | 16:5 |
| | 16:6 |
| | 16:15 |
| | 18:22 |
| | 18:24 |
| **Complaint Ex. B, Dkt. No. 85-6** | Term Sheet |
| **Complaint Ex. C, Dkt. No. 85-7** | Page 1 of Email Chain |
| **Complaint Ex. D, Dkt. No. 85-8** | Page 1 of Email Chain |
| **Complaint Ex. H, Dkt. No. 85-9** | Under Item 1 |

|  | Under Item 5 |
|---|---|
| **Complaint Ex. I, Dkt. No. 85-10** | Section III |
| **Complaint Ex. J, Dkt. No. 85-11** | Section III |
| **Complaint Ex. L, Dkt. No. 85-12** | Page 1 of Email Chain |
| **Complaint Ex. M, Dkt. No. 85-13** | Page 1 of Email Chain |
|  | Page 1 of Email Chain |
|  | Page 1 of Email Chain |
|  | Page 1 of Email Chain |
| **Complaint Ex. N, Dkt. No. 85-14** | Page 1 of Email Chain |
|  | Page 1 of Email Chain |
|  | Page 1 of Email Chain |
|  | Page 2 of Email Chain |
| **Complaint Ex. O, Dkt. No. 85-15** | Page 1 of Letter |
|  | Page 1 of Letter |
|  | Page 1 of Letter |
| **Complaint Ex. P, Dkt. No. 85-16** | Page 1 of Letter |
| **Complaint Ex. Q, Dkt. No. 85-17** | Page 1 of Letter |
|  | Page 1 of Letter |
| **Motion to Dismiss, Dkt. No. 85-18** | 2:1 |
|  | 2:2 |
|  | 2:2 |
|  | 2:3 |
|  | 2:12 |
|  | 5:27 |
|  | 6:1 |
|  | 6:7 |
|  | 6:9 |
|  | 6:9 |
|  | 6:10 |
|  | 6:11 |
|  | 6:11 |
|  | 6:14 |
|  | 6:14 |
|  | 6:14 |

| | |
|---|---|
| | 6:21 |
| | 6:25 |
| | 6:25 |
| | 6:26 |
| | 8:16 |
| | 10:14 |
| | 10:17 |
| | 10:18 |
| | 10:20 |
| | 10:21 |
| | 10:21 |
| | 10:24 |
| | 11:3 |
| | 11:4 |
| | 11:5 |
| | 11:9 |
| | 11:9 |
| | 11:20 |
| | 11:21 |
| | 11:22 |
| | 11:23 |
| | 11:23 |
| | 11:24 |
| | 11:27 |
| **Opposition to Motion to Dismiss, Dkt. No. 85-19** | 2:11 |
| | 3:17 |
| | 3:25 |
| | 4:11 |
| | 4:12 |
| | 4:13 |
| | 4:15 |
| | 6:7 |
| | 6:8 |
| | 8:21 |
| | 9:5 |
| | 9:6 |
| | 9:11 |
| | 9:20 |
| | 9:26 |
| | 10:8 |
| | 10:15 |
| | 10:16 |
| | 10:19 |
| | 10:27 |

|  |  |
|---|---|
|  | 11:5 |
|  | 11:6 |
|  | 11:24 |
|  | 11:27 |
|  | 12:27 |
|  | 13:19 |
|  | 21:21 |
| **Reply to Motion to Dismiss, Dkt. No. 85-20** | 1:9 |
|  | 1:11 |
|  | 1:12 |
|  | 1:14 |
|  | 1:19 |
|  | 1:19 |
|  | 1:20 |
|  | 1:22 |
|  | 2:26 |
|  | 2:27 |
|  | 3:3 |
|  | 3:12 |
|  | 3:15 |
|  | 3:15 |
|  | 3:16 |
|  | 3:16 |
|  | 3:18 |
|  | 3:19–20 |
|  | 3:20 |
|  | 3:24 |
|  | 3:26 |
|  | 4:5 |
|  | 4:6 |
|  | 4:17–18 |
|  | 4:21 |
|  | 5:27 |
|  | 5:28 |
|  | 6:1 |
|  | 6:10 |

By contrast, and for substantially the same reasons identified in the prior order, the Court finds that the parties' request concerning the remaining terms remains significantly overbroad. As noted in the Court's Standing Order for Civil Cases, a party that files a significantly overbroad motion to seal "bears the risk that the Court will simply deny the request in its entirety and place

5

all documents sought to be sealed in the public docket."[1]

Regardless, the parties have not identified compelling reasons that might justify sealing terms governing the mechanics for determining the duration of their standstill agreement or the purpose of and mechanics for implementing their intellectual property collaboration and services agreement. These terms are central to the merits questions presented in this matter; indeed, Counts 1–7 of TSMC's Complaint each seek either to enforce those terms or hold defendants liable for their breach. Depriving the public of access to those terms would effectively prevent the public from acquiring any understanding of the Court's decisions in this matter. Because TSMC seeks to enforce its alleged rights under those terms through litigation in federal court, the public's right of access to judicial records and its interest in "understanding … the judicial process," *Ctr. for Auto Safety*, 809 F.3d at 1096, trump the parties' propriety interests in maintaining the confidentiality of those terms.

For the foregoing reasons, the motion is granted in part and denied in part. Within 14 days, the parties shall file on the public record each of the documents previously filed under seal with only those redactions as permitted by this Order.

**IT IS SO ORDERED.**

Dated: June 14, 2024

P. Casey Pitts
United States District Judge

---

[1] The Court's Standing Order for Civil Cases is available at https://cand.uscourts.gov/wp-content/uploads/2023/03/2023.11.13-PCP-Civil-Standing-Order.FINAL_.CLEAN_.pdf.